# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

| | |
|---|---|
| BOARD OF TRUSTEES, SHEET METAL WORKERS' NATIONAL PENSION FUND, BOARD OF TRUSTEES, INTERNATIONAL TRAINING INSTITUTE FOR THE SHEET METAL AND AIR CONDITIONING INDUSTRY, BOARD OF TRUSTEES, SHEET METAL WORKERS' INTERNATIONAL ASSOCIATION SCHOLARSHIP FUND BOARD OF TRUSTEES, NATIONAL STABILIZATION AGREEMENT OF THE SHEET METAL INDUSTRY TRUST FUND BOARD OF TRUSTEES, SHEET METAL OCCUPATIONAL HEALTH INSTITUTE TRUST, BOARD OF TRUSTEES, NATIONAL ENERGY MANAGEMENT INSTITUTE COMMITTEE, and the BOARD OF TRUSTEES, NATIONAL SUPPLEMENTAL SAVINGS PLAN<br><br>8403 Arlington Boulevard<br>Fairfax, Virginia 22031<br><br> Plaintiffs,<br><br>v.<br><br>APOLLO CONTRUCTION & ENGINEERING SERVICES, INCORORATED<br><br>1821 36th Street, SE<br>Ruskin, FL 33570<br><br>and<br><br>THOMAS KAMPRATH<br><br>306 Knotwood Court<br>Sun City Center, FL 33573<br><br> Defendants. | CIVIL ACTION NO. 1:18-cv-1559<br><br><br>**Additional Required Service under 29 U.S.C. § 1132(h) to:**<br><br>**U.S. Department of Labor**<br>**Attn: Assistant Solicitor**<br>**for Plan Benefits Security**<br>**200 Constitution Ave., N.W.**<br>**Washington, DC 20002**<br><br>**U.S. Department of Treasury**<br>**Attn: Secretary of the Treasury**<br>**1500 Pennsylvania Avenue, NW**<br>**Washington, D.C. 20220** |

**COMPLAINT FOR CONTRIBUTIONS, INTEREST, LIQUIDATED DAMAGES, AUDIT FEES AND COSTS**

Plaintiffs, the separate and individual Boards of Trustees of the Sheet Metal Workers' National Pension Fund ("NPF"), the International Training Institute for the Sheet Metal and Air Conditioning Industry ("ITI"), the Sheet Metal Workers' International Association Scholarship Fund ("Scholarship Fund"), the National Stabilization Agreement of the Sheet Metal Industry Trust Fund ("SASMI"), the Sheet Metal Occupational Health Institute Trust ("SMOHIT"), National Supplemental Savings Plan (NSSP), and the National Energy Management Institute Committee ("NEMIC" and together with NPF, ITI, Scholarship Fund, SASMI, SMOHIT, and NSSP, referred to as "the Funds"), hereby complain as follows:

**Introduction**

1.      This is a civil action brought by employee benefit plans/trust funds or joint labor management organizations, and by the Trustees of the Funds, pursuant to Sections 502(a)(3), (d)(1), (g)(2) and 515 of the Employee Retirement Income Security Act of 1974, *as amended* ("ERISA"), 29 U.S.C. §§ 1132(a)(3), (d)(1), (g)(2), and 1145, and Section 301(a) of the Labor Management Relations Act of 1947, *as amended* ("LMRA"), 29 U.S.C. § 185. The Funds seek a monetary judgment against Defendants awarding delinquent contributions, accrued interest, liquidated damages, audit fees, and attorneys' fees and costs, through the date of judgment, as well as those amounts that become due and owing through the date of judgment, pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, Section 301 of the LMRA, 29 U.S.C. § 185, the collective bargaining agreement, and the Trust Documents governing the Funds.

## Jurisdiction and Venue

2. Jurisdiction is conferred upon this Court by Sections 502(e) and (f) of ERISA, 29 U.S.C. §§ 1132(e) and (f), and Section 301(c) of the LMRA, 29 U.S.C. § 185(c). Jurisdiction also lies under 28 U.S.C. § 1331.

3. Venue is proper under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), as the Plaintiff Funds are administered in this district with their principal places of business in Fairfax, Virginia. Venue is also properly laid in this district because it is here that Defendant breached the relevant provisions of the collective bargaining agreement, and consequentially violated Section 515 of ERISA, 29 U.S.C. § 1145, because it is within this district that the relevant provisions of the collective bargaining agreement are required to be performed.

4. Pursuant to Section 502(h) of ERISA, 29 U.S.C. § 1132(h), a copy of this Complaint will be served upon the Secretary of United States Department of Labor and the Secretary of the United States Department of the Treasury by certified mail on or about the date of filing.

## Parties

5. Plaintiff Board of Trustees, Sheet Metal Workers' National Pension Fund ("NPF") is the collective name of the trustees of the Sheet Metal Workers' National Pension Fund. The NPF is an employee pension benefit plan within the meaning of Sections 3(2) and (3) of ERISA, 29 U.S.C. §§ 1002(2), (3), and a multiemployer plan within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A), established and maintained for the purpose of providing pension benefits to eligible employees. The NPF is, and at all times material herein has been, a jointly administered trust fund established pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). The Trustees of the NPF are duly authorized Trustees whose duty it is to administer the

NPF for the benefit of the participants and beneficiaries of the NPF. The Trustees are "fiduciaries" within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are empowered to bring this action pursuant to Sections 502(a)(3) and 502(g)(2) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1132(g)(2). The trust, its Trustees and plan are individually or jointly referred to as "NPF" in this Complaint. The NPF is administered at 8403 Arlington Boulevard, Fairfax, Virginia 22031.

6. Plaintiff Board of Trustees, International Training Institute of the Sheet Metal and Air Conditioning Industry ("ITI") is the collective name of the trustees of the International Training Institute of the Sheet Metal and Air Conditioning Industry. ITI is an employee welfare benefit plan within the meaning of Sections 3(1) and (3) of ERISA, 29 U.S.C. §§ 1002(2), (3), and a multiemployer plan within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A), established and maintained for the purpose of providing apprenticeship training and educational benefits to eligible employees. ITI is, and at all times material herein has been, a jointly administered trust fund established pursuant to Section 302(c)(6) of the LMRA, 29 U.S.C. § 186(c)(6). The Trustees of ITI are duly authorized Trustees whose duty it is to administer the plan for the benefit of the participants and beneficiaries of ITI. The Trustees of ITI are "fiduciaries" within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are empowered to bring this action pursuant to Sections 502(a)(3) and 502(g)(2) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1132(g)(2). The trust, its Trustees and plan are individually and jointly referred to as "ITI" in this Complaint. ITI is administered at 8403 Arlington Boulevard, Fairfax, Virginia 22031.

7. Plaintiff Board of Trustees, Sheet Metal Workers' International Association Scholarship Fund ("Scholarship Fund") is the collective name of the Sheet Metal Workers'

International Association Scholarship Fund. The Scholarship Fund is an employee welfare benefit plan within the meaning of Sections 3(2) and (3) of ERISA, 29 U.S.C. §§ 1002(2), (3), and a multiemployer plan within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A), established and maintained for the purpose of providing funded scholarship benefits. The Scholarship Fund is, and at all times material herein has been, a jointly administered trust fund established pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). The Trustees of the Scholarship Fund are duly authorized Trustees whose duty it is to administer the Scholarship Fund for the benefit of the participants and beneficiaries of the Scholarship Fund. The Trustees of the Scholarship Fund are "fiduciaries" within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are empowered to bring this action pursuant to Sections 502(a)(3) and 502(g)(2) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1132(g)(2). The trust, its Trustees and plan are individually and jointly referred to as the "Scholarship Fund" in this Complaint. The Scholarship Fund is administered at 8403 Arlington Boulevard, Fairfax, Virginia 22031.

8. Plaintiff Board of Trustees, National Stabilization Agreement of the Sheet Metal Industry Trust Fund ("SASMI") is the collective name of the trustees of the National Stabilization Agreement of the Sheet Metal Industry Trust Fund. SASMI is an employee welfare benefit plan within the meaning of Section 3(1), (3) of ERISA, 29 U.S.C. § 1002(1), (3), and a multiemployer plan within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A), established and maintained for the purpose of providing benefits to eligible employees. SASMI is, and at all times material herein, has been a jointly administered trust fund established pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). The trustees of SASMI are duly authorized Trustees whose duty it is to administer SASMI for the benefit of the participants and beneficiaries of SASMI. The trustees of SASMI are "fiduciaries" within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C.

§ 1002(21)(A), and are empowered to bring this action pursuant to Sections 502(a)(3) and 502(g)(2) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1132(g)(2). The trust, its trustees and plan are individually or jointly referred to as "SASMI" in this Complaint. SASMI is administered at 8403 Arlington Boulevard, Fairfax, Virginia 22031.

9. Plaintiff Board of Trustees, Sheet Metal Occupational Health Institute Trust ("SMOHIT") is collectively the name of the trustees of the Sheet Metal Occupational Health Institute Trust. SMOHIT a jointly labor-management health and safety organization serving the sheet metal industry established under Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). The trust and its trustees are individually and jointly referred to as "SMOHIT" in this Complaint. SMOHIT is administered at 8403 Arlington Boulevard, Fairfax, Virginia 22031.

10. Plaintiff Board of Trustees, National Supplemental Savings Plan ("NSSP") is the collective name of the trustees of the National Supplemental Savings Plan. NSSP is an employee pension benefit plan within the meaning of Section 3(2), (3) of ERISA, 29 U.S.C. §§ 1002(2), (3), and a multiemployer plan within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A), established and maintained for the purpose of providing retirement benefits to eligible employees. NSSP is, and at all times material herein, has been a jointly administered trust fund established pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). The Trustees of NSSP are duly authorized Trustees whose duty it is to administer NSSP for the benefit of the participants and beneficiaries of NSSP. The Trustees of NSSP are "fiduciaries" within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are empowered to bring this action pursuant to Sections 502(a)(3) and 502(g)(2) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1132(g)(2). The trust, its Trustees and plan are individually and jointly referred to as "NSSP" in this Complaint. NSSP is administered at 8403 Arlington Boulevard, Fairfax, Virginia 22031.Plaintiff Board of

Trustees, National Energy Management Institute Committee ("NEMIC") is the collective name of the trustees of the National Energy Management Institute Committee. NEMIC is a labor management committee established pursuant to Section 302(c)(9) of the LMRA, 29 U.S.C. § 186(c)(9), that is funded by contributions under various collective bargaining agreements. The committee and its trustees are jointly and severally referred to as "NEMIC" in this Complaint. NEMIC is administered at 8403 Arlington Boulevard, Fairfax, Virginia 22031.

11. The Trustees of the Plaintiff Funds bring this action in their collective names or, as necessary or appropriate, in the name of the respective trusts or plans, and their participants, and beneficiaries pursuant to Federal Rule of Civil Procedure 17.

12. At all times relevant to this action, Defendant Apollo Construction and Engineering Services, Inc. ("Apollo") has been an employer within the meaning of 29 U.S.C. § 152(2) and Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and has been engaged in an industry affecting commerce within the meanings of Sections 3(11) and (12) of ERISA, 29 U.S.C. §§ 1002(11) and (12). Upon information and belief, at all times relevant to this action, Apollo has been incorporated in the state of Florida with a principal place of business at 1821 36th Street, SE, Ruskin, FL 33570.

13. Defendant Thomas Kamprath is the 100% owner of Apollo. Upon information and belief, Mr. Kamprath has a residence at 306 Knottwood Court, Sun City Center, FL 33573.

**Factual Background**

14. At all times relevant to this action, Defendants employed employees represented for the purposes of collective bargaining by the International Association of Sheet Metal, Air, Rail and Transportation Union (formerly known as the Sheet Metal Workers' International Association), Local Union 15 ("Local 15" or the "Union"), a labor organization representing employees in an industry affecting interstate commerce.

15. At all times relevant to this action, Defendant Apollo was signatory to, and bound by, a collective bargaining agreement ("Agreement" or "CBA") with the Union. Pursuant to the Agreement, Defendant is obligated to submit monthly remittance reports and fringe benefit contributions to the NPF, ITI, the Scholarship Fund, SASMI, SMOHIT, NSSP, and NEMIC for all hours worked or paid on behalf of Defendant's covered employees within the jurisdiction of Local 15.

16. Pursuant to the Agreement, Defendant is obligated to submit monthly remittance reports and fringe benefit contributions ("Employer Contributions") to NPF, ITI, SASMI, NEMIC, SMOHIT, and the Scholarship Fund for all hours worked or paid on behalf of Apollo's covered employees within the jurisdiction of Local 15.

17. In addition to its obligation to make Employer Contributions, the Agreement requires Defendant to withhold amounts from the wages of covered employees – at their election and in amounts that vary by individual ("Employee Contributions") – and to remit such Employee Contributions to the NSSP. The Agreement requires that these Employee Contributions be remitted in the same manner as the Employer Contributions to all of the other Funds.

18. In addition to its contractual obligation to remit Employee Contributions that it withholds from its employees' wages, federal law requires that Employee Contributions be remitted to the NSSP "as of the earliest date on which such contributions or repayments can reasonably be segregated from the employer's general assets" and in no event later than "the 15th business day of the month following the month in which the participant contribution or participant loan repayment amounts are received by the employer." 29 C.F.R. § 2510.3-102. If Employee Contributions are not remitted within the legally-mandated time period, they become assets of the NSSP. *Id.*

19. Pursuant to the Agreement, Defendant Apollo is obligated to abide by the terms and conditions of the Trust Agreements establishing the Funds, including any amendments thereto and policies and procedures adopted by the Boards of Trustees ("Trust Documents").

20. Payments due to the Funds are calculated separately for each Fund on remittance reports required to be prepared monthly by each contributing employer. This is a self-reporting system and the Funds rely on the honesty and accuracy of the employers in reporting hours worked and paid, and in reporting the contributions owed for work by employees.

21. Without the information contained in the remittance reports, the Funds cannot determine the entire amount of the monthly contributions due to the Funds or the employees' eligibility for benefits.

22. The completed remittance reports and accompanying contribution payments must be submitted to the Funds no later than the twentieth (20th) day after the end of each month during which covered work was performed and are delinquent if received thereafter.

23. Section 3 of the governing Trust Agreement and Section V of NPF's Procedures for the Collection of Contributions both provide that the Funds may audit a contributing employer for the purposes of assuring the accuracy of reports and ensuring that such employer has remitted the appropriate amount of contributions to the Funds. Section 3 of the Trust Agreement also states that if contribution shortages are found through audit, the employer may be required to pay all audit fees and expenses.

24. Pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, the Agreement, the Trust Documents, and Section 301 of the LMRA, 29 U.S.C. § 185, if Defendant Apollo fails to timely submit the contractually required remittance reports and contribution

payments, and the Funds file a lawsuit to recover the unpaid contributions, Apollo is required to pay the following amounts to the Funds:

    a.    Interest on the delinquent contributions at a rate of .0233% per day, compounded daily;

    b.    Liquidated damages equal to the greater of: fifty dollars ($50.00) or ten percent (10%) of the contributions due for each month of contributions that the Company fails to pay within 30 days after the due date, but pays before any lawsuit is filed;

    c.    Liquidated damages equal to the greater of interest on the delinquent contributions at the above rate or liquidated damages equal to twenty percent (20%) of the delinquent contributions owed upon commencement of litigation; and

    d.    The attorneys' fees and costs incurred by the Funds in pursuing the delinquent amounts, including the attorneys' fees and costs in this action.

25.    For the months of June 2013 through December 2015, Apollo employed employees within the jurisdiction of Local 15 for whom contributions were owed to the Funds and failed to make all the required contributions, despite its obligation to do so under the Agreement, Trust Documents, Section 515 of ERISA, 29 U.S.C. § 1145, and Section 301 of the LMRA, 29 U.S.C. § 185.

26.    In addition, Defendant withheld Employee Contributions from its employees' wages for the months of June 2013 through December 2015 and failed to remit such Employee Contributions to the NSSP. Upon information and belief, Apollo withheld these Employee Contributions and failed to remit such withholdings to the NSSP at the direction and discretion of its owner Mr. Kamprath.

**Count I**
**Claim against Defendant Apollo for Delinquent Contributions, Liquidated Damages, Interest, Audit Fees, Attorneys' Fees and Costs Pursuant to Audit**

27.     Plaintiffs reallege and incorporate Paragraphs 1 through 26.

28.     This claim arises under Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1145, and Section 301 of the LMRA, 29 U.S.C. § 185.

29.     Defendant is obligated, under the terms of the Agreement, to provide contributions to the Funds on behalf of its covered employees. Defendant has failed and refused to fulfill its contractual obligations for owed contributions and resulting interest and liquidated damages as demonstrated by a payroll audit conducted on Defendant Apollo by the Funds for the period of June 2013 through December 2015. The audit revealed that Defendant owes contributions, interest, and liquidated damages to the Funds. While contributions remain unpaid, interest continues to accrue on these delinquent contributions and audit fees have been assessed pursuant to the Funds' governing documents.

30.     The audit revealed that Apollo owes contributions in the amount of $16,412.30 for the period of June 2013 through December 2015. In addition to the contribution amounts found due, Apollo owes $6,175.81 in interest through November 20, 2018, $3,282.48 in liquidated damages, and $1,600.00 in audit testing fees. In total, Apollo owes $27,470.59 to the Funds for unpaid contributions, interest, liquidated damages, and testing fees.

31.     Under Section 502(g) of ERISA, 29 U.S.C. § 1132(g), Plaintiffs are entitled to recover all costs of this action from Defendant, including reasonable attorneys' fees and court costs.

32. Prior to commencing this lawsuit, the Funds sent letters and attempted to directly contact Defendant to obtain the outstanding contributions from Defendant. Defendant has failed to comply with these requests.

33. Defendant's continued failure to pay the amounts due have caused irreparable harm to the plan participants in the form of loss of earnings and expenses of the Funds, endangered the eligibility of covered members' pension benefits, and other harm. Defendant's failure and refusal to comply with its obligations creates an atmosphere in the industry that encourages other employers to do the same.

### Count II
### Claim against Defendant Thomas Kamprath for Contributions owed to the NSSP

34. Plaintiffs reallege and incorporate Paragraphs 1 through 33.

35. Section 3(21) of ERISA defines a fiduciary with respect to a plan as any person to the extent such person exercises "any discretionary authority or discretionary control" over management of the plan or disposition of plan assets. 29 U.S.C. § 1002(A).

36. Pursuant to federal law, any Employee Contributions withheld from an employee's wages that were not remitted to NSSP within the time required by law become assets of the NSSP. Mr. Kamprath exercises discretionary control over the assets held by NSSP, including the unremitted Employee Contributions that remain in Mr. Kamprath's possession that have become assets of the NSSP. Consequently, he is a "fiduciary" to the NSSP with respect to those assets within the meaning of ERISA. 29 U.S.C. § 1002(21)(A).

37. Based on the audit performed by the Fund for the period of June 2013 through December 2015, Mr. Kamprath failed to remit $662.14 in contributions to NSSP within the time

required under the Agreement and applicable law, resulting in $250.11 in interest (calculated through November 20, 2018), and $132.46 in liquidated damages.

38. The participants' benefits from the NSSP consist entirely of Employee Contributions withheld and submitted by Apollo through Mr. Kamprath plus earnings, less expenses. By failing to remit the Employee Contributions to NSSP as required by the Agreement and applicable law, Mr. Kamprath has absconded the participants' money and reduced their benefits through lost earnings and increased administrative costs.

39. Mr. Kamprath's failure to remit the above-described plan assets to the NSSP, along with sufficient additional amounts to make the individual participants whole, constitute violations of the following fiduciary duties:

(a) Failure to act solely in the interest and for the exclusive benefit of the participants its beneficiaries. ERISA Section 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A);

(b) Failing to discharge his duties with respect to the NSSP solely in the interest of the participants and beneficiaries and with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of ERISA Section 404(a)(1)(8), 29 U.S.C. § 1104(a)(1)(8);

(c) Failing to ensure that all assets of the NSSP be held in trust by one or more trustees, in violation of ERISA Section 403(a), 29 U.S.C. § 1103(a);

(d) Causing the NSSP to engage in transactions which he knew or should have known constituted the direct or indirect transfer of Plan assets to, or use of Plan assets by or for the benefit of a party in interest, in violation of ERISA Section 406(a)(1)(D), 29 U.S.C. §1106(a)(1)(D);

  (e) Dealing with plan assets in his own interests or for their own account, in violation of ERISA Section 406(b)(1), 29 U.S.C. § 1106(b)(1);

  (f) Causing the assets of the Plan to inure to an employer's benefit and failing to hold such assets for the exclusive purpose of providing benefits to participants in the Plan in violation of Section 403(c)(1) of ERISA, 29 U.S.C. § 1103(c)(1).

40. Pursuant to ERISA Section 409(a), 29 U.S.C. § 1109(a), Mr. Kamprath, a fiduciary with respect to NSSP, is personally liable for the breaches of fiduciary responsibility set forth above, committed with respect to the NSSP.

## Count III
### Claim Against Defendants Apollo and Mr. Kamprath for Violation of ERISA § 502(a)(3)

41. Plaintiffs reallege and incorporate Paragraphs 1 through 40.

42. Recovery of monies pursuant to a constructive trust is "appropriate equitable relief" under 29 U.S.C. § 1132(a)(3)(B).

43. Defendants failed to remit $662.14 in Employee Contributions to NSSP within the time required under the Agreement and applicable law, resulting in $250.11 in interest (calculated through November 20, 2018), and $132.46 in liquidated damages.

44. Plaintiff NSSP is in equity entitled to distribution of the Employee Contributions held by Defendants. The monies NSSP seeks to recover are specifically identifiable and are in the possession and control of Defendants.

45. These amounts belong to Plaintiff NSSP. Defendants have failed and refused to turn over these amounts.

46. As a result, Defendants have violated the terms of the Agreement, Trust Documents, and applicable law.

47. Pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), Plaintiff NSSP is entitled to enforce the terms of the Agreement and Trust Documents and to a constructive trust on the Employee Contributions.

**WHEREFORE**, Plaintiffs request a judgment against Defendants for all amounts due to the Funds as follows:

1. Declare that Defendant Apollo is delinquent in remitting owed contributions to the Funds pursuant to the Agreement;

2. Award Plaintiffs on behalf of the Funds a judgment for Defendant Apollo's delinquent contributions found to be due by the audit for the period of June 2013 through December 2015 in the total amount of $16,412.30;

3. Enter judgment against Defendant Apollo for interest on all delinquent contributions at a rate of .0233% per day, compounded daily, from the date due until the date paid or the date of the judgment in the amount of at least $6,175.81;

4. Enter judgment against Defendant Apollo for liquidated damages in an amount equal to the greater of interest on the delinquent contributions calculated at the above rate, or 20% of the delinquent contributions in the amount of $3,282.48;

5. Enter judgment against Defendant Apollo for audit costs in the amount of $1,600.00;

6. Enter judgment for all attorneys' fees and costs incurred by the Funds in pursuing the delinquent amounts as provided by Section 502(g) of ERISA;

7. Declare that Mr. Kamprath breached his fiduciary duties under ERISA;

8. Enter a judgment compelling Mr. Kamprath to make whole the NSSP for its losses, including restoration of any contributions withheld by Apollo from employee wages;

9. Declare NSSP the rightful owner of the Employee Contributions held by Defendants and impose a constructive trust in favor of NSSP upon the Employee Contributions held by Defendant;

10. Direct Defendants to turn over the Employee Contributions to NSSP and direct Defendants to execute any instruments necessary to transfer the legal title of the constructive trust to NSSP;

11. Award such other relief as the Court deems just and proper.

          Respectfully Submitted,

          /s/ Diana M. Bardes
          Diana M. Bardes
          Mooney, Green, Saindon, Murphy & Welch, P.C.
          1920 L Street, NW, Suite 400
          Washington, D.C. 20036
          (202) 783-0010
          (202) 783-6088 facsimile
          dbardes@mooneygreen.com
          Counsel for Plaintiff Funds

Dated: December 17, 2018

**CERTIFICATE OF SERVICE UNDER 29 U.S.C. § 1132(h)**

I hereby certify that on this 17th day of December, 2018, a true and correct copy of the foregoing COMPLAINT UNDER ERISA FOR DELINQUENT CONTRIBUTIONS, INTEREST, LIQUIDATED DAMAGES, AUDIT FEES, ATTORNEYS FEES, AND COSTS was served via certified mail on:

    U.S. Department of Labor
    Attn: Assistant Solicitor for Plan Benefits Security
    200 Constitution Ave., N.W.
    Washington, DC 20002

    U.S. Department of Treasury
    Attn: Secretary of the Treasury
    1500 Pennsylvania Avenue, NW
    Washington, D.C. 20220

                                                    _____/s/ Diana M. Bardes_____
                                                         Diana M. Bardes